UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DANA LOOS,**

    Plaintiff,

v.                                                    Case No: 5:23-cv-65- PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

The Commissioner has filed an unopposed motion to remand this case for further proceedings under sentence four of 42 U.S.C. § 405(g). (Doc. 13). Upon review, the Court agrees with the parties that it is appropriate to remand this matter to the Commissioner.

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered

to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Accordingly, the Commissioner's unopposed motion for entry of judgment with remand (Doc. 13) is **GRANTED**. This action is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).[1]

> On remand, the Appeals Council will instruct the Administrative Law Judge to obtain evidence from a vocational expert to determine whether there are a significant number of jobs in the national economy that the claimant can perform; and before relying on the vocational expert evidence, identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the DOT in accordance with Social Security Ruling 00-4p; offer the claimant the opportunity for a hearing; take any further action needed to complete the administrative record; and issue a new decision.

The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Ocala, Florida on June 2, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter. *Shalala v. Schaefer*, 509 U.S. 292 (1993).