UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DANA LOOS,**

    **Plaintiff,**

v.                                                            **Case No: 5:23-cv-65-PRL**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

## ORDER

This matter is before the Court on the motion of Plaintiff's counsel, Richard A. Culbertson, for attorney's fees pursuant to 42 U.S.C. §406(b) in the amount of $46,626.25. (Doc. 20). In support of the motion, Attorney Culbertson has filed a signed fee agreement in which Plaintiff acknowledges a 25% fee award of past due benefits (Doc. 20-1). Counsel represents that the Commissioner neither opposes nor endorses the petition.

### I. Background

On June 2, 2023, this Court reversed and remanded the case to the Social Security Administration (SSA) for further proceedings. (Doc. 16). On July 27, 2023, the Court awarded attorney's fees to Attorney Culbertson under the Equal Access to Justice Act (EAJA) in the sum of $4.418.59, for time spent representing Plaintiff before this Court. (Doc. 19). Subsequently, on remand, Plaintiff was awarded past due benefits in the amount of $215,305.00. (Doc. 32-2). The Commissioner has not yet sent a "close out letter," but the Notice regarding past due benefits was dated September 24, 2025. The attorney fee due under the fee agreement between Attorney Culbertson and Plaintiff payable from Plaintiff's past-

due benefits is $49,407.66 (25% of the past-due benefits, $53,826.25, minus the previously awarded EAJA fees, $4,418.59). However, Attorney Culbertson has reduced the requested amount to $46,626.25, which is the amount still being withheld by the SSA for the attorney fees. (Doc. 20-2 at 4). Now, in the instant motion, Attorney Culbertson is requesting authorization to charge his client $46,626.25 pursuant to the §406(b) agreement.

## II.     Discussion

In evaluating a claim for attorney's fees under § 406(b), the Court must determine whether the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). A contingency fee may be unreasonable if the fee exceeds the twenty-five percent statutory limit, the agreement between the claimant and the attorney involved fraud or overreaching, the case was unreasonably delayed by the claimant's attorney, or the award would be "so large as to be a windfall to the attorney." *Peterson v. Comm'r of Soc. Sec.*, No., 2018 WL 3650034, at *1 (M.D. Fla. June 19, 2018) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir.1990). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Id.*

To evaluate the reasonableness of a contingency fee award based on nothing more than a lodestar calculation would "have a chilling effect on the willingness of attorneys to undertake contingent fee representation in [Social Security] cases" and it would create "a perverse incentive [for attorneys] to delay proceedings or expend unnecessary hours in an effort to prolong successful litigation-all to ensure that their § 406(b) fee would not be reduced based on its appearing excessively high in comparison to the number of hours they expended." *Gorgoglione v. Comm'r of Soc. Sec.*, No. 8:13-CV-953-T-33TBS, 2015 WL 2094909,

at *3 (M.D. Fla. May 5, 2015) (citations omitted). Moreover, the Supreme Court has approved the use of contingency fee arrangements in Social Security cases, finding that § 406 did "not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Here, the Court finds that the requested attorney's fees are reasonable. Attorney Culbertson and Plaintiff agreed that counsel would receive 25% of all past due benefits awarded on appeal. (Doc. 20-1). Attorney Culbertson filed the appeal and achieved a favorable outcome for his client – $215,305.00 in past due benefits with continuing payments. Admittedly, this was not a particularly difficult or complex case. Attorney Culbertson spent only 18.2 hours on the case. And then, after reviewing the record and Plaintiff's brief, the Commissioner must have concluded that Plaintiff's arguments had merit because the Commissioner filed an unopposed motion to remand the case to the agency for further proceedings. (Doc. 13). While the limited time spent on this case could weigh against approving the requested fee, the low numbers of hours "may have as much to do with [Mr. Culbertson's] experience and expertise as it does with the facts of the case." *Gorgoglione,* 2105 WL 2094909 at *4. Moreover, the contingent nature of the fee agreement meant that Mr. Culbertson risked recovering no fee as winning remand was no guarantee of an award of past due benefits. And, now, despite his contractual entitlement to 25% of the past due benefits, Attorney Culbertson has reduced his requested fees by several thousand dollars.[1]

---

[1] Attorney Culbertson is contractually authorized to seek fees in the amount of $49,407.66 (25% of the past-due benefits, $53,826.25, minus the previously awarded EAJA fees, $4,418.59). However, he reduced the requested amount to $46,626.25, which is the amount still being withheld by the SSA for the attorney fees.

Based on my consideration of the above factors, and in the absence of any objection by the Commissioner, I find that the requested fee is reasonable and should be approved. Accordingly, Attorney Culbertson's motion for attorney's fees pursuant to 42 U.S.C. §406(b) (Doc. 20) is **GRANTED**. Section 406(b) fees are approved for Attorney Culbertson in the sum of **$46,626.25**.[2]

**DONE** and **ORDERED** in Ocala, Florida on October 2, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Normally, any award under Section 406(b) must be offset by the EAJA award. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (finding that fee awards may be made under both 42 U.S.C. § 406(b) and the EAJA but that the claimant's attorney must refund to the claimant the amount of the smaller fee); *Watford v. Heckler*, 765 F.2d 1562, 1566 n.5 (11th Cir. 1985). Such offset may be achieved by counsel's payment to the claimant of the amount of the EAJA award or by a reduction of the Section 406(b) fee request in the amount of the EAJA fee award. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273-74 (11th Cir. 2010). Here, Attorney Culbertson requests that the amount of the 406(b) fee request be reduced by the amount of the EAJA award. (Doc. 20 at 4).